**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| SHAKIRA WILLIAMS-LINZEY, JENNIFER PATTON, and KATHLEEN MCFARLAND, individually and as representatives of a class of similarly situated individuals,<br><br>*Plaintiffs*,<br>v.<br><br>EMPOWER ADVISORY GROUP, LLC; EMPOWER RETIREMENT, LLC; EMPOWER FINANCIAL SERVICES, INC.; and EMPOWER ANNUITY INSURANCE COMPANY OF AMERICA,<br><br>*Defendants*. | No. 3:25-cv-14660 (RK) (TJB)<br><br>CONFIDENTIALITY ORDER |

**CONFIDENTIALITY AND PRIVILEGE ORDER**

Upon a showing of good cause in support of the entry of an order to protect the discovery and dissemination of certain confidential and privileged information, it is hereby ORDERED:

1. This Confidentiality and Privilege Order ("Order") shall apply to all documents, materials, and information, including without limitation, documents produced, answers to interrogatories, responses to requests for admission, deposition testimony, and other information disclosed pursuant to the disclosure or discovery duties created by the Federal Rules of Civil Procedure. Each of the

persons identified in the following clauses shall be referred to herein individually as a "Party," and collectively, as the "Parties": (a) Plaintiff Shakira Williams-Linzey, Jennifer Patton, and Kathleen McFarland (together, "Plaintiffs"); (b) Defendant Empower Advisory Group, LLC, Empower Retirement, LLC, Empower Financial Services, Inc., and Empower Annuity Insurance Company of America, (together, "Defendants") and (c) any other persons or entities who become bound by this Order by signifying their intent through execution of Exhibit A.

2. As used in this Order, "document" is defined as provided in Federal Rule of Civil Procedure 34(a). A draft or non-identical copy is a separate document within the meaning of this term.

3. Information designated "CONFIDENTIAL" shall be information:

a. that contains sensitive technical, marketing, financial, sales, or other confidential business information;

b. that contains information received in confidence from third parties; or

c. which the producing party otherwise believes in good faith to be entitled to protection under Federal Rule of Civil Procedure 26(c)(1)(G) and Local Civil Rule 5 (such Discovery Material is referred to herein as "Confidential Material").

4. Information designated "HIGHLY CONFIDENTIAL" shall be information:

a. that contains highly sensitive trade secrets, competitive financial or business information, or personal information;

b. that is of such a nature that its disclosure is highly likely to cause significant harm to an individual or to the business or competitive position of the designating party if such Discovery Material were disclosed to persons other than those identified in Paragraphs 8 and 9 of this Order (such Discover Material is referred to herein as "Highly Confidential Material," and together with Confidential Material, is referred to herein as "Designated Material").

5. Designated Material shall not be disclosed or used for any purpose except for the preparation and trial of this case.

6. Prior to disclosing any confidential information to any person identified in sub-paragraph (8)(d) (expert witnesses and consultants), counsel shall provide such person with a copy of this Order and obtain from such person a written acknowledgment (in the form attached hereto as Exhibit A) stating that he or she has read this Order and agrees to be bound by its provisions. All such acknowledgments shall be retained by counsel and shall be subject to in camera review by the Court if good cause for review is demonstrated by opposing counsel.

7. Documents are designated as "Confidential" or "Highly Confidential" by placing or affixing on them (in a manner that will not interfere with their

legibility) the following or other appropriate notice: "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL." A party wishing to make that designation after production of a document by another party must do so within fifteen (15) business days of receipt, and identify the information by Bates label or, where not Bates labeled, by document title and page number(s) or page and line number(s). The non-designating party shall thereafter mark the document or information in the manner requested by the designating party and thereafter treat the document or information in accordance with such marking. However, any use by the non-designating party made before a post-production designation will not be a violation of this Order, and the post-production designation will apply prospectively only and will not apply to any disclosure made prior to the designation, so long as the non-designating party notifies the designating party of the prior disclosure and otherwise comes into conformance with the new designation.

8. The Receiving Party cannot give, show, make available to, communicate to, or disclose Confidential Material or the contents of the Confidential Material, or any or all information contained therein, except to the following individuals under the following conditions:

a. counsel of record and persons employed by said attorneys whose assistance is required in the preparation for trial, at trial, or at other proceedings in this Action;

b. the Parties;

c. experts and consultants (and their respective staff) who are retained by the Parties to this Order or the Parties' counsel, for purposes of this Action;

d. outside photocopying, graphic production services, or litigation support services, including Professional court reporters, their staffs, video operator transcribing depositions or testimony in the Action, and Professional Vendors, as necessary for use in connection with this Action;

e. any vendors retained by or for the Parties to assist in preparing for pretrial discovery, hearings, or trial in this Action including, but not limited to, court reporters, stenographers, videographers, litigation support personnel, jury consultants, mock jurors, individuals to prepare demonstrative and audiovisual aids for use in the courtroom or in depositions or mock jury sessions;

f. any deponent during the course of his or her deposition.

g. any actual or potential trial witness in this Action where such Confidential Material is determined by counsel in good faith to be necessary to the anticipated subject matter of testimony;

h. any insurers to whom disclosure is reasonably necessary in connection with this Action;

i. the Court, its officers, and its clerical staff or other personnel in any judicial proceeding that may result from this Action;

j. any mediators and their staffs retained in connection with this Action; and

k. any other person or entity with respect to whom the Designating Party may consent in writing or by oral agreement on the record during any deposition or proceeding.

9. Except as otherwise agreed by the Parties, the Receiving Party cannot give, show, make available to, communicate to, or disclose Highly Confidential Material, or any or all information contained therein, except to the following individuals under the following conditions:

a. counsel of record and persons employed by said attorneys whose assistance is required in the preparation for trial, at trial, or at other proceedings in this Action

b. The Parties, subject to the following conditions: (i) counsel will only disclose Highly Confidential Material to a Party if that counsel believes in good-faith is necessary to facilitate representation of the Party's or the putative class's interests in this Action; and (ii) upon

termination of the Action, each Party will certify that they have destroyed all Highly Confidential Material received pursuant to the terms set forth in Paragraph 20 herein.

c. experts and consultants (and their respective staff) who are retained by the Parties to this Order or counsel for purposes of this Action;

d. outside photocopying, graphic production services, or litigation support services, as necessary for use in connection with this Action;

e. any vendors retained by or for the Parties to assist in preparing for pretrial discovery, hearings, or trial in this Action including, but not limited to, court reporters, stenographers, videographers, litigation support personnel, jury consultants, individuals to prepare demonstrative and audiovisual aids for use in the courtroom or in depositions or mock jury sessions;

f. any deponent during the course of his or her deposition if it reasonably appears based on a good-faith analysis that the deponent authored, was a previous recipient, and/or had access to or the authority to access or obtain the Highly Confidential Material in the normal or authorized course of business;

g. the Court, its officers, and its clerical staff or other personnel in this Action;

h. any mediators and their staffs retained in connection with this Action; and

i. any other person or entity with respect to whom the Designating Party may consent in writing or by oral agreement on the record during any deposition or proceeding.

10. Whenever a deposition involves the disclosure of Designated Material, the deposition or portions thereof shall be designated as Confidential or Highly Confidential and shall be subject to the provisions of this Order. Such designation shall be made on the record during the deposition whenever possible, but a party may designate portions of depositions as Confidential or Highly Confidential after transcription, provided written notice of the designation is promptly given to all counsel of record within thirty (30) days after notice by the court reporter of the completion of the transcript. All testimony shall be treated as Highly Confidential Material until the thirty-day period has expired.

11. If counsel for a party receiving documents or information designated as Confidential or Highly Confidential hereunder objects to such designation of any or all of such items, the following procedure shall apply:

a. Counsel for the objecting party shall serve on the designating party a

written objection to such designation, which shall identify the documents or information by bates label or, where not bates labeled, describe with particularity the documents or information in question, and shall state the grounds for objection. Counsel for the designating party or third party shall respond in writing to such objection within fourteen (14) days (or such other time agreed by the Parties or ordered by the Court), and shall state with particularity the grounds for asserting that the document or information is appropriately designated. Counsel shall then confer in good faith in an effort to resolve the dispute within seven (7) days of service of the response.

b. If a dispute as to a confidential designation of a document or item of information cannot be resolved by agreement, the proponent of the designation being challenged shall present the dispute to the Court initially by telephone or letter, in accordance with Local Civil Rule 37.1(a)(1), before filing a formal motion for an order regarding the challenged designation. The document or information that is the subject of the filing shall be treated as originally designated pending resolution of the dispute.

12. All requests to seal documents filed with the Court shall comply with Local Civil Rule 5.3.

13. If the need arises during trial or at any Hearing before the Court for any party to disclose Designated Material, it may do so only after giving notice to the producing party and as directed by the Court. Designated Material offered into evidence at a public hearing or at trial shall no longer be treated as confidential, unless the producing party first obtains a separate confidentiality order or other relief from the Court specifically relating to the materials used during the hearing or at trial. Personal identifying information must be redacted from all documents used during depositions, during public hearings, or at trial.

14. To the extent consistent with applicable law, the inadvertent or unintentional disclosure of Designated Material that should have been designated as such, regardless of whether the information, document, or thing was so designated at the time of disclosure, shall not be deemed a waiver in whole or in part of a party's claim of confidentiality, either as to the specific information, document, or thing disclosed or as to any other material or information concerning the same or related subject matter. Such inadvertent or unintentional disclosure may be rectified by notifying in writing counsel for all parties to whom the material was disclosed that the material should have been designated confidential within a reasonable time after disclosure. Such notice shall constitute a designation of the information, document, or thing as confidential under this Order.

15. No information that is in the public domain or which is already known

by the receiving party through proper means or which is or becomes available to a party from a source other than the party asserting confidentiality, rightfully in possession of such information on a non-confidential basis, shall be deemed or considered to be Designated Material under this Order.

16. This Order shall not deprive any party of its right to object to discovery by any other party or on any otherwise permitted ground. This Order is being entered without prejudice to the right of any party to move the Court for modification or for relief from any of its terms.

17. If a receiving party is served with a subpoena or a court order issued in other litigation or in connection with an ongoing investigation from a federal or state government department or agency that would compel disclosure of any Designated Material, the receiving party must so notify the producing party, in writing, immediately and at least fourteen (14) days before the receiving party's response to the subpoena or order is due (unless the subpoena or court order does not allow the receiving party fourteen (14) days to respond). Such notification must include a copy of the subpoena or court order. The receiving party also must immediately inform in writing the party who caused the subpoena or order to issue that some or all of the material covered by the subpoena or order is the subject of this Order. The producing party shall bear the burden and the expense of seeking protection in that court or from that government department or agency of its

Designated Material, and nothing in this Order should be construed as authorizing or encouraging a receiving party in this litigation to disobey a lawful directive from another court or from a government department or agency. The obligations set forth in this paragraph remain in effect while the party has possession, custody, or control of Designated Material produced in this litigation.

18. Pursuant to Rule 502(d) of the Federal Rules of Evidence, the production of any privileged material shall not be deemed to waive any privilege or work product protection in this Litigation or in any other federal or state proceeding.

19. A receiving party shall not use or employ any application, service, or analytical software that will transfer, transmit, send, or allow any external access to Designated Material (in whole or in part) unless such application, service or analytical software is fully containerized (i.e., does not transmit any information to any external system or network for the purpose of analysis, use, or the generation of text outputs in response to queries), has the ability to track all information in the system (including access), and does not otherwise allow access to information by unauthorized persons. For the avoidance of doubt, this restriction expressly applies to the use of advanced large language models, "generative" AI tools, and other advanced AI systems, including but not limited to OpenAI GPT, ChatGPT3/4 et seq., Google Bard, Google Translate, Meta LLAMA, MidJourney, DALL-E, and

Stable Diffusion.

20. Within 60 days of the conclusion of this Action, including the resolution of all appeals as to all Parties, all Receiving Parties shall take all commercially reasonable steps to return to counsel for the respective Producing Party, or to destroy, all Designated Material, and all copies or notes thereof in the possession of any Receiving Party, except that: counsel may retain for its records their work product and a copy of court filings, deposition transcripts, deposition videotapes, deposition exhibits, expert reports, and exhibits introduced at any hearing; and a Receiving Party may retain Designated Material that is auto-archived or otherwise "backed up" on electronic management and communications systems or servers, or as may be required for regulatory or ethical recordkeeping purposes; provided that such retained documents will continue to be treated as provided in this Order. If a Receiving Party chooses to take all commercially reasonable steps to destroy, rather than return documents in accordance with this paragraph, that Receiving Party shall, if requested, verify such destruction in writing to counsel for the Producing Party. Notwithstanding anything in this paragraph, the terms of this Order shall remain binding.

21. The termination of this action shall not relieve counsel or other persons obligated hereunder from their responsibility to maintain the confidentiality of Designated Material pursuant to this Order. The Court will retain

jurisdiction of enforcing this Order once the case is closed.

22. The non-material terms of this Order (e.g., time periods) shall be subject to modification by written agreement of the Parties and without further Court order. All other modifications Order may be made only by the Court following notice to all Parties and an opportunity for them to be heard.

**STIPULATED TO AND APPROVED ON AUGUST 14, 2026**

s/ Chen Kasher
Chen Kasher, Bar No. 044882011
Jerome J. Schlichter *
Andrew D. Schlichter *
Joel D. Rohlf *
Patrick R. Kutz *
SCHLICHTER BOGARD LLC
100 South Fourth Street, Ste. 1200
St. Louis, MO 63102
Phone: (314) 621-6115/Fax: (314) 621-5934
ckasher@uselaws.com
jschlichter@uselaws.com
aschlichter@uselaws.com
jrohlf@uselaws.com
pkutz@uselaws.com

Ruben R. Chapa *
SCHLICHTER BOGARD LLC
33 North Dearborn, Ste. 1170
Chicago, IL 60602
Phone: (630) 919-9301/Fax: (314) 621-5934
rchapa@uselaws.com

Forrest James IV *
FOB JAMES LAW FIRM, LLC
2226 1st Ave South, Suite 105

s/ Jeffrey A. N. Nopczynski
Jeffrey A. N. Kopczynski
(NJ Bar No. 028372007)
O'MELVENY & MYERS LLP
1301 Ave. of the Americas, 17th Fl.
New York, NY 10019
Tel: 212-326-2000
jkopczynski@omm.com

Trica B. O'Reilly
Douglas E. Arpert
Mariel L. Belanger
WALSH PIZZI O'REILLY
FALANGA LLP
Three Gateway Center
100 Mulberry St. 15th Fl.
Newark, NJ 07102
Tel: 973-757-1100
toreilly@walsh.law
darpert@walsh.law
mbelanger@walsh.law

Shannon M. Barrett (pro hac vice)
Brian D. Boyle (pro hac vice)
Deanna M. Rice (pro hac vice)
O'MELVENY & MYERS LLP
1625 Eye Street, NW

Birmingham, Alabama 35233
Phone: (205) 407-6009
Fob@fobjameslaw.com

James Z. Foster *
FOSTER LAW LLC
1201 West Peachtree St, NW, Suite
2300 Atlanta, Georgia 30309
Phone: (404) 800-0050/Fax: (404) 493-2322
James@Foster-Law.com

* Admitted *pro hac vice*

*Counsel for Plaintiffs & the Proposed Class*

Washington, DC 20006
Tel: 202-383-5300
sbarrett@omm.com
bboyle@omm.com
derice@omm.com

*Counsel for Defendants*

**SO ORDERED.**

DATE: September 1, 2026

BY THE COURT:

s/Tonianne J. Bongiovanni
United States Magistrate Judge

## EXHIBIT A

## AGREEMENT CONCERNING CONFIDENTIAL MATERIAL SUBJECT TO THE STIPULATED CONFIDENTIALITY ORDER

I, the undersigned, hereby acknowledge I have read the Confidentiality and Privilege Order ("Order") in *Shakira Williams-Linzey, et al. v. Empower Advisory Group, LLC., et al.*, Civil Action No. 3:25-cv-14660 (RK) (TJB), United States District Court for the District of New Jersey. In consideration of being permitted to review confidential information, as described in the Order, I agree to comply, and be bound by, the terms set out therein. I hereby submit myself to the jurisdiction of the United States District Court for the District of New Jersey for the purpose of enforcement of the Order.

________________________________________
Full Name

________________________________________ ______________________
Signature Date